UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NRO BOSTON, NRO EDGARTOWN, JASON INDELICATO, and ALICE INDELICATO,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ARCH CAPITAL FUNDING LLC, CAPCALL LLC, TVT CAPITAL LLC, YELLOWSTONE CAPITAL LLC, YES FUNDING SERVICES, INC., MCA RECOVERY LLC, RTR RECOVERY LLC, EVAN MARMOTT, FRANK BOURRICAUDY, YITZHAK STERN, TSVI DAVIS, VADIM BARBAROVICH, THE JOHN AND JANE DOE ARCH INVESTORS, THE JOHN AND JANE DOE CAPCALL INVESTORS, THE JOHN AND JANE DOWN YELLOWSTONE INVESTORS, and THE JOHN AND JANE DOE YES INVESTORS,<br><br>　　　　　　　Defendants. | Docket: 1:18-cv-10060-IT |

**DEFENDANT'S CAPCALL LLC, YES FUNDING SERVICES, INC., RTR RECOVERY LLC AND EVAN MARMOTT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**INTRODUCTION**

The Court should dismiss NRO BOSTON, NRO EDGARTOWN, JASON INDELICATO, and ALICE INDELICATO's (collectively the "Plaintiffs") Amended Complaint against Defendants Capcall LLC, YES Funding Services, Inc., RTR Recovery LLC and Evan Marmott (the "Capcall Defendants") because the claims are barred by the doctrine of *res judicata*, Plaintiffs have failed to plead a claim, Plaintiffs have failed to plead with the requisite factual particulars, and the action should be dismissed due to the forum selection clauses in the

parties' agreements or, alternatively, the Court should transfer this action to the United States District Court for the Southern District of New York. Further, the Court should strike the more than one hundred immaterial, impertinent, redundant, and scandalous allegations gratuitously inserted into the Amended Complaint by the Plaintiffs.

In an effort to avoid burdening the Court with redundant motion practice, the Capcall Defendants hereby refer the Court to the arguments raised in the previously filed Memorandum of Law of Defendant Yellowstone Capital, LLC ("Yellowstone"),[1] which is incorporated by reference herein (the "Yellowstone MOL"). It is the understanding of counsel for the Capcall Defendants that Plaintiffs unsuccessfully sued Yellowstone in a prior Massachusetts state court action based on virtually the same pleading, involving identical transactions to those at issue in this case and have improperly challenged the very same final judgments against them, again in the wrong forum. The previously Dismissed NRO Pleading named approximately 20 unrelated merchant cash advance companies, but did not name the Capcall Defendants nor did it name Evan Marmott, Capcall's CEO. Plaintiffs have now named Marmott personally, as a defendant in the Amended Complaint, without alleging that any new facts have arisen since the Dismissed NRO Pleading, and without asserting a single substantive allegation against them which might give rise to personal liability. Plaintiffs' *post hoc* insertion of these individual defendants into this action is frivolous gamesmanship and the claims against them should be dismissed.

First, the claims against Marmott should be dismissed for lack of personal jurisdiction as Marmott has never done business in Massachusetts and has not even been to Massachusetts in at least a decade. In any event Marmott has certainly not purposefully availed himself of Massachusetts jurisdiction and law. Marmott cannot be said to satisfy the minimum contacts requirements to be subject to Massachusetts jurisdiction and law. Indeed, the Amended

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as defined in the Yellowstone MOL.

Complaint fails to allege any factual basis as to why Marmott could even conceivably be a proper party to this action.

Second, the Plaintiffs have not alleged any basis in which to name Marmott in the Amended Complaint in his personal capacity. Indeed, the allegations in the Amended Complaint all center on a dispute between businesses, and Plaintiffs cannot identify any specific allegations giving rise to personal liability against an officer of Capcall.

Finally, the claims against Marmott should be dismissed for the same reasons set forth in the Yellowstone MOL. As set forth therein, the Amended Complaint is barred by the doctrine of *res judicata* (Yellowstone MOL at p.10), fails to plead with the requisite factual particulars required by Fed. R. Civ. P. Rule 8(a) (Yellowstone MOL at p.12), and fails to state a claim for relief (Yellowstone MOL at p.15). Moreover, a large portion of the Amended Complaint should be stricken because it is a prolix, confusing, and rambling mess of impertinent, immaterial, redundant, and scandalous allegations (Yellowstone MOL at p.23). Alternatively, this case should be dismissed based upon the forum selection clause in the agreements (Yellowstone MOL at p.7).

The Amended Complaint purports to allege claims against Capcall Defendants for RICO (18 U.S.C. § 1962), violation of a Massachusetts consumer protection statute (M.G.L. c. 93A §§ 2 and 11), and usury. Instead of pleading facts amounting to a claim, close to a quarter of the allegations in the Amended Complaint are irrelevant opinion quotes to news articles, blog posts, and advertisements that have nothing to do with the facts of this case, or the parties herein. Far from attempting to assert claims, the Plaintiffs are transparently attempting to extort the Capcall Defendants for money by portraying them in a negative light in a public docket unless the

Capcall Defendants capitulate and pay the Plaintiffs to stop filing meritless actions and defective pleadings.

This case appears to arise from a series of purchase and sale of future receivables transactions entered into by NRO Boston, NRO Edgartown and the Capcall Defendants between February 2016 and July 2016. Each agreement was entered into in New York, contemplated Capcall Defendants making payment in New York, collecting its share of sale proceeds in New York, and each Agreement contained a mandatory New York jurisdiction, venue, forum selection and choice of law clause.

It is worth noting that Defendant Yellowstone entered into various agreements with NRO Boston and NRO Edgartown which ultimately resulted in Judgments having been entered against the Plaintiffs in the Supreme Court of the State of New York, County of Rockland on September 23, 2016. The Plaintiffs herein have never asked the Supreme Court of the State of New York to vacate the judgment against them, have never challenged the jurisdiction of the Supreme Court of the State of New York and have, for all intents and purposes, conceded that judgment was validly entered against them in New York. These are relevant facts that bear directly on the jurisdictional aspects raised in the instant motion.

It also of import that less than a year ago, in April 2017, Plaintiffs filed a substantially similar pleading in Massachusetts state court against Yellowstone and approximately 20 other merchant cash advance companies, that was based on the exact same transactions at issue in the Amended Complaint herein. Plaintiffs attempted to join Yellowstone as a non-party counterclaim defendant in an action between the Plaintiffs and a company called Saturn Funding. Plaintiffs named Yellowstone and several other entities in a prolix, confused, rambling and improper Dismissed NRO Pleading. Yellowstone moved to dismiss for lack of jurisdiction,

failure to state a claim, and for failure to serve a plain and concise pleading. The Superior Court of Massachusetts, County of Suffolk, issued a decision dismissing the countercomplaint against Yellowstone because the allegations were prolix, rambling, redundant, immaterial, and failed to amount to any claims being asserted against Yellowstone. Due to the conclusory and defective nature of Plaintiffs' allegations, the Court declined to rule on the issue of jurisdiction.

Only Months later, Plaintiffs filed the instant action against Yellowstone and the Capcall Defendants based on the very same transactions as the Dismissed NRO Pleading, with a substantially similar pleading that includes the same rambling, redundant, and immaterial allegations. Unfortunately, Plaintiffs have disregarded the state court's dismissal order and have amplified their behavior by including Yellowstone's CEO, Yitzhak Stern, an underwriter, Tsvi Davis and Evan Marmott, Capcall's CEO, for the sole purpose of further vexing and harassing Yellowstone and Capcall. The Amended Complaint plainly fails to cure the glaring deficiencies articulated by the state court in dismissing the Dismissed NRO Pleading. On that basis, and for several other equally dispositive reasons detailed herein, as well as those contained in the Yellowstone MOL, the Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

It is undisputed that YES Funding Services, Inc. is a New York company with offices in New York only. It is also undisputed that Capcall LLC is a Delaware limited liability company registered to do business in New York with offices in New York only. RTR Recovery LLC is a New York limited liability company with offices in New York only. Evan Marmott is alleged to be a resident and citizen of the State of New York. NRO Boston and NRO Edgartown are limited liability companies that are part of a chain of businesses that derive substantial revenue

from the online retailing of clothing and accessories to customers around the country, including New York.

It is undisputed that the Plaintiff businesses entered into agreements to sell future receivables to Capcall Defendants in 2016. In each instance, the Plaintiffs electronically reached out to Capcall Defendants at their offices in New York with offers to sell future receivables to them. In each instance, Capcall Defendants received all documents at their offices in New York, and all communications took place electronically in New York.

Every agreement specifically identifies the Capcall Defendants as being located in New York. None of the agreements contemplated the Capcall Defendants taking any action in Massachusetts or subjecting themselves to Massachusetts law or jurisdiction. At no point did Capcall LLC, YES Funding Services, Inc., RTR Recovery LLC, or Evan Marmott conduct business in the State of Massachusetts.

Additionally, every agreement contained a mandatory New York choice of law provision providing that New York law shall govern any dispute and that the same would be construed exclusively in accordance with the laws of the state of New York, without regards to any applicable principles of conflicts of law. Moreover, each agreement contained a mandatory New York jurisdiction and venue clause that provides that if there is any suit, action or proceeding arising under the agreement, then such litigation shall only be instituted in any court sitting in New York State (the "Acceptable Forums"). All parties and the Plaintiffs went on to explicitly agree that "the Acceptable Forums are convenient, and submit to the jurisdiction of the Acceptable Forums and waive any and all objections to jurisdiction and or venue. Should a proceeding be initiated in any other forum, the parties waive any right to oppose any motion or applicable made by either party to transfer such proceeding to an Acceptable Forum."

There are no factual allegations that Marmott performed any acts in his personal capacity which would subject him to this Court's jurisdiction. There are no allegations that Marmott in his personal capacity performed any acts constituting an element of any claim.

## PROCEDURAL HISTORY

The procedural history of this case is set forth in the Yellowstone MOL. The previously Dismissed NRO Pleading named approximately 20 unrelated merchant cash advance companies, but did not name the Capcall Defendants nor did it name Evan Marmott individually. Plaintiffs have now named Evan Marmott personally, as a defendant in the Amended Complaint, without alleging any new facts have arisen since the Dismissed NRO Pleading, and without asserting a single substantive allegation against them which might give rise to personal liability. Plaintiffs' *post hoc* insertion of an individual defendant into this action is frivolous gamesmanship and the claims against them should be dismissed.

This is just the latest attempt by the Plaintiffs to extort several companies doing business in New York by initiating frivolous actions in Massachusetts state and Federal Court for an improper purpose. In this action, the Plaintiffs name YES Funding Services, Inc., a part of the Capcall corporate structure, RTR Recovery, LLC, an affiliated yet separate and distinct entity and Capcall LLC's CEO personally so as to drive up Capcall's legal costs until it is economically forced to capitulate to Plaintiffs' demands. For the reasons set forth herein, the Court should dismiss this action in its entirety.

# ARGUMENT

I. **THE COURT SHOULD DISMISS THIS ACTION AS AGAINST THE CAPCALL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION.**

The Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) as to the Capcall Defendants because the Court lacks personal jurisdiction over them or, alternatively, transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

It is settled law that each defendant's contacts with a forum state must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984). It is axiomatic that jurisdiction over employees, agents, and officers of a corporation may not be based on jurisdiction over the corporation. *Chuan Wang v. Schroeter*, 2011 U.S. Dist. LEXIS 142048, 2011 WL 6148579, 18 (Dist. Mass. 2011).

In evaluating personal jurisdiction over an individual defendant, the Court must consider whether the individual defendant was the primary participant in the alleged wrongdoing that was serving his personal interests or whether he acted principally as an agent of the alleged corporate wrongdoer. *LaVallee v. Parrot-Ice Drink Prods. of Am., Inc.*, 193 F. Supp. 2d 296, 302 (Dist. Mass. 2002) (holding that the possibility that the individual defendant may bear some personal responsibility for 93A claim is not sufficient to establish personal jurisdiction). The absence of any allegation that the individual defendant derived personal benefits from the alleged contacts in Massachusetts, and/or acted outside the scope of his or her employment is fatal to any argument that the individual can be subject to the Court's specific jurisdiction unless the individuals are a mere alter-ego of the corporate defendant or the claimant has alleged facts sufficient to pierce the corporate veil between a corporate officer and the corporation. *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 280 (Dist. Mass. 2008).

As an initial matter, there is no basis for Plaintiffs to assert that the Court has jurisdiction over Yellowstone or the Capcall Defendants, whatsoever. This argument is addressed in Yellowstone's MOL.[2]

With regard to Evan Marmott, there are no allegations that he acted outside of his corporate capacity as an agent of Capcall, no allegations that he derived individual personal benefits from alleged contacts in Massachusetts, no allegations to pierce the corporate veil, and no allegations that he is a mere alter-ego of Capcall. Additionally, there are no allegations that Marmott specifically engaged in any wrongdoing directed into Massachusetts or harmed a party in Massachusetts.

The only allegations about Marmott consist of legal conclusions, allegations that he, on behalf of Capcall, participates in running the company. Notably, there are no allegations that Marmott had any involvement in any acts, transactions, or occurrences in this case, and no allegations that he would even have personal knowledge of anything pertaining to this case. The Amended Complaint fails to enunciate any basis for why or how Marmott would be named as an individual defendant in this matter.

Marmott has never done business in Massachusetts and has not even been to Massachusetts in at least a decade and he has not availed himself of Massachusetts jurisdiction and law. Moreover, Marmott cannot be said to satisfy the minimum contacts requirements to be subjected to Massachusetts jurisdiction and law. Indeed, the Amended Complaint fails to allege any factual basis as to why Marmott could ever be subject to Massachusetts jurisdiction and law.

---

[2] Contrary to Plaintiffs' conclusory allegations in the Amended Complaint, "the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in plaintiff's home state." *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 290 (1st Cir. 1999). What few factual allegations have been included in the Amended Complaint fail to demonstrate that Yellowstone or the Capcall Defendants satisfy the minimum contacts requirements for personal jurisdiction and fall woefully short of demonstrating a purposeful availment of Massachusetts jurisdiction or law. *See id.*

Simply put, there is no basis for asserting personal jurisdiction over Evan Marmott, and this action should be dismissed as against him for lack of personal jurisdiction. With regard to the entity Capcall Defendants, the Court is respectfully referred to Yellowstone's MOL which articulates in detail the basis for dismissal upon jurisdictional bases. Capcall Defendants will not burden the Court with an additional recitation of the facts and law already presented.

## II. THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A COGNIZABLE CAUSE OF ACTION.

In determining whether to dismiss a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6), the question is whether the claimant has alleged facts sufficient to state a claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The proponent of a claim must allege facts that are plausible, rather than just conceivable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Although the claimant's factual allegations are accepted as true for the purposes of deciding a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 678.

### A. Plaintiffs' RICO Claim (1st Claim) Fails To State A Cause Of Action.

Plaintiffs' RICO allegations must fail as a matter of law for the reasons set forth in the Yellowstone MOL. Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL.

### B. Plaintiffs' M.G.L. c. 93A §§2 and 11 And Usury Claims Must Be Dismissed (2nd and 3rd Claims) For Failure To State A Claim.

Plaintiffs' M.G.L. c. 93A §§2 and 11 (2nd claim), and usury (3rd claim) claims fails to satisfy Fed. R. Civ. P. 8(a) and, as such, must be dismissed pursuant to 12(b)(6). Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL.

Additionally, it should be noted that there are no meaningful allegations that Capcall Defendants did anything at all. They appear generally lumped into mass allegations with random other parties, and in immaterial allegations that they transact business with Yellowstone.

For the reasons set forth herein and in the Yellowstone MOL, the Court should dismiss the Plaintiffs' second claim for M.G.L. c. 93A §§2 and 11 and third claim for usury pursuant to Fed. R. Civ. P. 12(b)(6).

### III. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8(a).

Plaintiffs' Amended Complaint should be dismissed based upon Plaintiffs' failure to plead in compliance with Fed. R. Civ. P. 8(a). Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL. For the reasons set forth herein and in the Yellowstone MOL, the Court should dismiss the Amended Complaint in its entirety.

### IV. THE COURT SHOULD DISMISS THIS ACTION PURSUANT TO THE FORUM SELECTION CLAUSE IN THE AGREEMENTS.

Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) pursuant to the mandatory forum selection clause in the agreements. Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL. For the reasons set forth herein and in the Yellowstone MOL, the Court should dismiss the Amended Complaint in its entirety.

### V. THE COURT SHOULD DISMISS THIS ACTION BECAUSE IT IS BARRED BY THE DOCTRINE OF RES JUDICATA.

Plaintiffs' Amended Complaint should be dismissed based upon the doctrine of *res judicata*. Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL. Any holding against Capcall Defendants would require this Court to explicitly upset the

judgment entered against the Plaintiffs in favor of Yellowstone in the Supreme Court of the State of New York.  For the reasons set forth herein and in the Yellowstone MOL, the Court should dismiss the Amended Complaint in its entirety.

## VI. THE COURT SHOULD STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS ALLEGATIONS FROM THE AMENDED COMPLAINT.

The Amended Complaint is laden with redundant, impertinent, immaterial, and scandalous matter that should be stricken pursuant to Fed. R. Civ. P. 12(f)(2).  Capcall Defendants explicitly adopt the arguments set forth in the Yellowstone MOL.  For the reasons set forth herein and in the Yellowstone MOL, the Court should strike all of the foregoing paragraphs pursuant to Fed. R. Civ. P. 12(f).

## CONCLUSION

The Court should dismiss the Plaintiffs' Amended Complaint against Capcall LLC, YES Funding Services, Inc., RTR Recovery, LLC, and Evan Marmott because the Plaintiffs have not alleged any basis for naming the Capcall Defendants or Evan Marmott individually and because the Plaintiffs have failed to state a claim.  Moreover, the Capcall Defendants join in Yellowstone's motion to dismiss this action in its entirety because: Plaintiffs' claims are barred by the doctrine of *res judicata*, Plaintiffs have failed to plead with the requisite factual particulars, the action should be dismissed due to the forum selection clauses in the parties' agreements, and because the Amended Complaint is a prolix, confusing, and rambling mess of impertinent, immaterial, redundant, and scandalous allegations; alternatively, this action should be transferred to the United States District Court for the Southern District of New York.

Respectfully submitted,

Capcall LLC, YES Funding Services, Inc.,
RTR Recovery LLC and Evan Marmott,

By their attorneys,

Dated: April 13, 2018

/s/ Michael P. Twohig
Michael P. Twohig, BBO # 648079
Twohig Caplan LLP
25 Pender Street
Boston, MA 02132-3209
617-548-3627
mtwohig@twohigcaplan.com

and

Andrew F. Caplan, BBO # 564127
Twohig Caplan LLP
P.O. Box 84
Swampscott, MA 01907
339-440-0978
acaplan@twohigcaplan.com

and

Jacob J. Schindelheim, Esq.
KOSS & SCHONFELD, LLC
90 John Street, Suite 503
New York, NY 10038
Tel: (212) 857-4480
jjs@kandsllp.com
*Pro Hac Vice application pending.

**CERTIFICATE OF SERVICE**

       I hereby certify that this document has been filed through the ECF system, which will send electronic copies to the registered participants identified on the Notice of Electronic Filing, and that I have sent paper copies of this document via U.S. mail to individuals listed as nonregistered participants (if any) on April 13, 2018.

                                         /s/ Michael P. Twohig
                                         Michael P. Twohig